# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:05CV220-H

| | |
|---|---|
| TIFFANY SALOMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| COUNTY OF LINCOLN, NC and ) | |
| W. HAL KLUTZ, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendant Lincoln County's "Motion to Dismiss ... [and] Memorandum ... in Support " (both document #4) filed August 3, 2005.

The Plaintiff has not filed a brief in opposition to the pending Motion to Dismiss, and Plaintiff's counsel has informed chambers' staff telephonically that the Plaintiff does not oppose the Defendant County's motion.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

On July 6, 2005, the Plaintiff filed the subject Complaint, seeking damages and equitable relief pursuant to 42 U.S.C. § 1983 for an unlawful search and use of excessive force, as well as a state law assault claim. Specifically, the Plaintiff alleges that sometime in October 2004, Defendant W. Hal Klutz, an investigator employed by the Lincoln County Sheriff's Department, came to her home and, apparently mistaking the Plaintiff for an individual who was suspected of criminal activity, conducted an unlawful search of the home. The Plaintiff also alleges that Defendant Klutz used excessive force in carrying out the search, that is, the Plaintiff alleges that Defendant Klutz

grabbed her arm and "shoved" her.

On August 3, 2005, Defendant Lincoln County filed its Motion to Dismiss, citing well-established case law that in North Carolina, a sheriff is the sole law enforcement policymaker in his office, that a county has no control over a sheriff's law enforcement policies and activities, and, consequently, that a county cannot be held liable for constitutional or other civil wrongs committed by a sheriff, his deputies, or his other employees. Accord Knight v. Vernon, 214 F.3d 544, 552-53 (4th Cir. 2000) (in § 1983 suit alleging that sheriff violated plaintiff's First Amendment rights, the county was not a proper party); Little v. Smith, 114 F. Supp. 2d 437, 446 (W.D.N.C. 2000) (Anson County not a proper defendant to § 1983 action alleging excessive force and improper training against Sheriff of Anson County and his deputies); and Clark v. Burke County, 117 N.C.App. 80, 85, 450 S.E.2d 747, 749 (1994) ("any injury resulting from [the deputy sheriff's] actions ... cannot result in liability for Burke County and summary judgment is therefore affirmed for" the county).

As noted above, the Plaintiff does not oppose this motion, which shall be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Defendant Lincoln County's "Motion to Dismiss" (document #4) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE** as to the Defendant Lincoln County.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

**Signed: September 2, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge

3