# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:05CV220-H

| | |
|---|---|
| TIFFANY SALOMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| W. HAL KLUTZ, individually and in ) | |
| his official capacity as an investigator ) | |
| for the Lincoln County Sheriff's ) | |
| Department, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's ". . . Motion to Compel Responses to Interrogatories and Requests for Production and to Extend Deadlines for Discovery and the Filing of Dispositive Motions; Memorandum of Law and Declaration of Scott D. MacLatchie in Support Thereof" (document #16) filed August 29, 2007. The Plaintiff has not filed a Response, and the time for doing so has expired.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will grant the Defendant's ". . . Motion to Compel . . .," as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 6, 2005, the Plaintiff filed the subject Complaint, which seeks damages and equitable relief pursuant to 42 U.S.C. § 1983 for an unlawful search and use of excessive force, as well as asserting a state law assault claim. Specifically, the Plaintiff alleges that sometime in October 2004,

Defendant W. Hal Klutz, an investigator employed by the Lincoln County Sheriff's Department, came to her home and, apparently mistaking the Plaintiff for an individual who was suspected of criminal activity, conducted an unlawful search. The Plaintiff also alleges that Defendant Klutz used excessive force in carrying out the search, that is, the Plaintiff alleges that Defendant Klutz grabbed her arm and "shoved" her.

The subject motion, however, does not address the merits of the Plaintiff's case. Rather, the issue is the Plaintiff's failure to actively and timely respond to interrogatories and requests for production. Specifically, the Defendant first sent his Interrogatories and Requests for Production of Documents to Plaintiff's counsel on May 16, 2007. The Plaintiff never responded and it thereafter came to the Defendant's attention that Plaintiff's counsel had moved his law practice to his residence. Accordingly, on June 26, 2007, the Defendant resent the Interrogatories and Requests for Production of Documents to counsel's home address. In addition, defense counsel left a telephone message for Plaintiff's counsel regarding this issue on August 28, 2007.

Defense counsel has received no response to either the written discovery or to his telephone call, and the Plaintiff has filed no response to the subject Motion.

## II. **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Further, it is clear that dismissal and the imposition of monetary sanctions are appropriate remedies available under Rule 37 for a party's blatant and continuing failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir. 1977).

The undersigned cautions the Plaintiff and her counsel that further failure to respond to the Defendant's Interrogatories and Requests to Produce, to fail to respond to any other of the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions against the Plaintiff and/or her counsel personally. **Sanctions may include the Plaintiff and/or her counsel being required to pay the Defendant's costs, including reasonable attorney's fees, and may also include dismissal of the Complaint with prejudice**.

There having been no response of any kind from the Plaintiff, the Defendant's Motion will

be granted to the extent it seeks to compel the Plaintiff to respond to discovery in the lawsuit she initiated. Specifically, the Plaintiff must provide her Responses to the Defendant's Interrogatories and Requests for Production of Documents on or before **Friday, October 19, 2007**.

### III.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Defendant's ". . . Motion to Compel . . ." (document #16) is **GRANTED**.

2. The Plaintiff shall provide her Responses to the Defendant's Interrogatories and Requests for Production of Documents on or before **Friday, October 19, 2007**.

3. The Pretrial Order and Case Management Plan shall be modified as follows: (1) discovery shall be completed on or before **December 4, 2007**; and (2) all motions except motions in limine and motions to continue shall be filed on or before **January 4, 2008**.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties. Plaintiff's counsel shall be sent a copy of this Memorandum and Order to both of the following addresses:

| | |
|---|---|
| Mr. Robert K. Trobich | Mr. Robert K. Trobich |
| P.O. Box 473426 | 5635 Timber Lane |
| Charlotte, NC 28247 | Charlotte, NC 28270 |

**SO ORDERED.**

Signed: September 19, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge